**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| PHOENIX PRECISION LTD. | |
| and | |
| 840501 ALBERTA LIMITED | Case No. _____ |
| Plaintiffs, | (Formerly Case No. CV-18-891133 in the Common Pleas Court of Cuyahoga County, Ohio) |
| v. | |
| PARKER-HANNIFIN CORPORATION | |
| and | |
| JOHN R. GRECO | |
| and | |
| THOMAS L. WILLIAMS | |
| Defendants | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Parker-Hannifin Corporation, John R. Greco, and Thomas L. Williams hereby remove this civil action filed by Plaintiffs Phoenix Precision, Ltd. and 840501 Alberta Limited in the Common Pleas Court of Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio.  In support of the removal, Defendants state as follows:

### I.     Background

1.     On January 4, 2018, Plaintiffs filed this civil action in the Common Pleas Court of Cuyahoga County, Ohio, against Defendants.  The case is captioned *Phoenix Precision Ltd., et*

*al. v. Parker-Hannifin Corporation, et al.*, Case No. CV-18-891133 ("Plaintiffs' State Court

Action").

2.      Plaintiffs served the Summons and Complaint on Parker-Hannifin Corporation

and John R. Greco on January 10, 2018.  Plaintiffs served the Summons and Complaint on

Thomas L. Williams on January 11, 2018.  True and correct copies of the Summons and

Complaint, as well as the docket and all filings that have been made in Plaintiffs' State Court

Action are attached as Exhibit 1.

3.      Plaintiffs' State Court Action purports to assert claims against all three

Defendants for fraudulent inducement (Count I) and tortious interference (Count II).  The

amount in controversy in this case is in excess of $75,000.  Plaintiffs demand compensatory

damages in excess of $50,000 as well as punitive damages for each of the two claims.  However,

in litigation Plaintiffs filed in Canada seeking damages relating to the same contracts at issue

here, Plaintiffs alleged their damages exceeded $14,000,000.  Declaration of Kristen L. Gest,

attached as Exhibit 2, and Amended Amended Statement of Claim, attached as Exhibit 3.   Thus,

the amount in controversy here exceeds $75,000, as discussed below.

## II.      Removal Based On Diversity Jurisdiction

4.      This Court has original diversity jurisdiction over Plaintiffs' State Court Action

under 28 U.S.C. § 1332.

5.      Section 1332 provides, in pertinent part, that the "district courts shall have

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or

subjects of a foreign state. . ."  28 U.S.C. § 1332(a)(2).

6.      Here, both of the requirements for original diversity jurisdiction under 28 U.S.C.

§ 1332 are satisfied.

2

7.    Upon information and belief, complete diversity exists between Plaintiffs and Defendants, thus satisfying the diversity requirement of 28 U.S.C. § 1332(a)(2).

8.    Plaintiffs are Canadian companies with their principal place of business at 2620 21st Street N.E. in Calgary, Canada.  Ex. 1, Compl. at 1.

9.    Parker-Hannifin Corporation is a publicly traded corporation incorporated in Ohio with its principal place of business at 6035 Parkland Boulevard in Cleveland, Ohio.  Ex. 1, Compl. at 1.

10.    John R. Greco is a citizen of Ohio.

11.    Thomas L. Williams is a citizen of Ohio.

12.    A defendant seeking removal establishes that the amount in controversy is met by demonstrating, based on a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *Younglove v. Dolgen Midwest, LLC*, No. 1:14-1029, 2014 WL 3101535, at *1 (N.D. Ohio July 7, 2014).  "This standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement."  *Johnson v. Con-Way Freight, Inc.*, No. 4:10CV2167, 2010 WL 4735754, at *1 (N.D. Ohio Nov. 15, 2010) (quoting *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001)) (internal quotation marks omitted).

13.    Further, a Notice of Removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C. § 1446(c)(2)(A)(ii).  The Ohio Rules of Civil Procedure do not allow pleading of specified damages in excess of twenty-five thousand dollars unless the claim is based on a specific

3

instrument attached to the complaint that details damages.  Ohio Civ.R. 8(A).  No such instrument was attached to Plaintiffs' complaint.

14.     The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, although Defendants do not in any way concede liability.  Plaintiffs' State Court Action specifically seeks in excess of $50,000 in compensatory damages as well as punitive damages in an unspecified amount.  Ex. 1, Compl. at 12.  Plaintiffs allege tortious interference and fraudulent inducement with respect to a set of agreements that comprised Defendant Parker-Hannifin Corporation's purchase of the assets of Plaintiff Phoenix Precision, Ltd.  Ex. 1, Compl. at 9-10.

15.     A party seeking removal may submit an affidavit showing that the amount of money at issue in an action exceeds $75,000.  *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 771 (6th Cir. 2009) (finding that an affidavit showing that the amount in controversy exceeded $75,000 was sufficient to deny a motion to remand.  According to the Plaintiffs' allegations in a lawsuit filed in Canada, the actions of tortious interference and fraudulent inducement here caused damages in excess of $14,000,000.  *See* Ex. 3.  Though Defendants deny the allegations as they relate to this suit and the suit pending in Canada, Plaintiffs' allegations are sufficient to establish that the amount in controversy here exceeds $75,000, satisfying the requirement set forth in 28 U.S.C. § 1332.

### III.     Compliance With Removal Procedures

16.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case within thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  The earliest date any Defendant received the Summons and Complaint was January 4, 2018.

4

17.     Under 28 U.S.C. § 1441(a), venue for Plaintiffs' State Court Action is proper in this Court, which is the district embracing the place where the state action is pending.

18.     Copies of documents filed in Plaintiffs' State Court Action are attached as Exhibit 1, in accordance with 28 U.S.C. § 1446(a).

19.     In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will provide written notice of the removal to Plaintiffs and will file a copy of the Notice of Removal with the Clerk of the Common Pleas Court of Cuyahoga County, Ohio.

## IV.     Reservation Of Rights

20.     Defendants reserve the right to amend or supplement this Notice of Removal.

21.     Defendants deny the allegations in Plaintiffs' Complaint.  No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

WHEREFORE, Defendants respectfully request that this Court assume jurisdiction over this matter and grant such other and further relief as this Court deems just and proper.

Dated:  February 2, 2018              Respectfully submitted,

                                      s/ Tracy K. Stratford
                                      Tracy K. Stratford (Ohio Bar No. 0069457)
                                      tkstratford@jonesday.com
                                      Jones Day
                                      901 Lakeside Avenue
                                      Cleveland, Ohio 44114
                                      Telephone:  (216) 586-3939
                                      Facsimile:  (216) 579-0212

                                      *Attorneys for Defendants Parker-Hannifin Corporation, John R. Greco, and Thomas L. Williams*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via United

States mail this 2nd day of February 2018 upon the following:

John P. Susany
Harold M. Schwarz
Stark & Knoll Co., L.P.A.
3475 Ridgewood Road
Akron, Ohio 44333


John Zavitsanos
Benjamin F. Foster
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing
1221 McKinney St., Suite 2500
Houston, Texas 77010


s/ Tracy K. Stratford
Attorney for Defendants Parker-Hannifin
Corporation, John R. Greco, and Thomas L.
Williams

6