Case: 1:18-cv-00262-PAG Doc #: 1-1 Filed: 02/02/18 1 of 45. PageID #: 7

Print

# CASE INFORMATION

## CV-18-891133 PHOENIX PRECISION LTD., ET AL vs. PARKER-HANNIFIN CORPORATION, ET AL

Docket Information

| Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 01/31/2018 | N/A | JE | CORRECTING 01/30/2018 JOURNAL ENTRY GRANTING PLTFS' MOTIONS FOR ADMISSION PRO HAC VICE. PREVIOUS ENTRY MISSPELLED ATTORNEY JOHN ZAVITSANOS' NAME. PLTFS' 01/30/2018 MOTIONS FOR ADMISSION PRO HAC VICE ARE GRANTED. ATTORNEYS BENJAMIN FRANCIS FOSTER AND JOHN ZAVITSANOS ARE HEREBY GRANTED PERMISSION TO APPEAR BEFORE THIS COURT PRO HAC VICE AND PARTICIPATE AS CO-COUNSEL IN THIS CASE ON BEHALF OF PLTFS PHOENIX PRECISION LTD AND 840501 ALBERTA LIMITED. NOTICE ISSUED | 📄 |
| 01/30/2018 | N/A | JE | PLTFS' 01/30/2018 MOTIONS FOR ADMISSION PRO HAC VICE ARE GRANTED. ATTORNEYS BENJAMIN FRANCIS FOSTER AND JOHN SAVITSANOS ARE HEREBY GRANTED PERMISSION TO APPEAR BEFORE THIS COURT PRO HAC VICE AND PARTICIPATE AS CO-COUNSEL IN THIS CASE ON BEHALF OF PLTFS PHOENIX PRECISION LTD AND 840501 ALBERTA LIMITED. NOTICE ISSUED | 📄 |
| 01/30/2018 | P | MO | MOTION FILED FOR PLAINTIFF(S) PHOENIX PRECISION LTD.(P1) and 840501 ALBERTA LIMITED(P2) JOHN P SUSANY 0039472 MOTION FOR ADMISSION PRO HAC VICE OF ATTORNEY BENJAMIN FRANCIS FOSTER 01/30/2018 - GRANTED | 📄 |
| 01/30/2018 | P | MO | MOTION FILED FOR PLAINTIFF(S) PHOENIX PRECISION LTD.(P1) and 840501 ALBERTA LIMITED(P2) JOHN P SUSANY 0039472 MOTION FOR ADMISSION PRO HAC VICE OF ATTORNEY JOHN ZAVITSANOS 01/30/2018 - GRANTED | 📄 |
| 01/12/2018 | N/A | SR | FEDEX RECEIPT NO. 34188697 DELIVERED BY FEDEX 01/11/2018 WILLIAMS/THOMAS /L. PROCESSED BY COC 01/12/2018. | |
| 01/11/2018 | N/A | SR | FEDEX RECEIPT NO. 34188696 DELIVERED BY FEDEX 01/10/2018 GRECO/JOHN/R. PROCESSED BY COC 01/11/2018. | |
| 01/11/2018 | N/A | SR | FEDEX RECEIPT NO. 34188695 DELIVERED BY FEDEX 01/10/2018 PARKER-HANNIFIN CORPORATION PROCESSED BY COC 01/11/2018. | |
| 01/04/2018 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 01/04/2018 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 01/04/2018 | D3 | CS | WRIT FEE | |
| 01/04/2018 | D3 | SR | SUMS COMPLAINT(34188697) SENT BY FEDERAL EXPRESS. TO: THOMAS L. WILLIAMS 6511 BLACKFRIARS LANE HUDSON, OH 44236 | 📄 |
| 01/04/2018 | D2 | CS | WRIT FEE | |
| 01/04/2018 | D2 | SR | SUMS COMPLAINT(34188696) SENT BY FEDERAL EXPRESS. TO: JOHN R. GRECO 4137 LAUBERT ROAD ATWATER, OH 44201 | 📄 |
| 01/04/2018 | D1 | CS | WRIT FEE | |
| 01/04/2018 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 01/04/2018 | D1 | SR | SUMS COMPLAINT(34188695) SENT BY FEDERAL EXPRESS. TO: PARKER-HANNIFIN CORPORATION 6035 PARKLAND BOULEVARD CLEVELAND, OH 44124 | 📄 |
| 01/04/2018 | N/A | SF | JUDGE NANCY A FUERST ASSIGNED (RANDOM) | |
| 01/04/2018 | P1 | SF | LEGAL RESEARCH | |
| 01/04/2018 | P1 | SF | LEGAL NEWS | |
| 01/04/2018 | P1 | SF | LEGAL AID | |
| 01/04/2018 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 01/04/2018 | P1 | SF | COMPUTER FEE | |
| 01/04/2018 | P1 | SF | CLERK'S FEE | |
| 01/04/2018 | P1 | SF | DEPOSIT AMOUNT PAID JOHN P SUSANY | |
| 01/04/2018 | N/A | SF | CASE FILED: COMPLAINT | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
For questions/comments please click here.
Copyright © 2018 PROWARE. All Rights Reserved. 1.1.172



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

### Court of Common Pleas

**New Case Electronically Filed:**
**January 4, 2018 12:56**

By: JOHN P. SUSANY 0039472

Confirmation Nbr. 1265278

PHOENIX PRECISION LTD., ET AL        CV 18 891133

    vs.

PARKER-HANNIFIN CORPORATION, ET AL     **Judge:** NANCY A. FUERST

Pages Filed: 13

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| PHOENIX PRECISION LTD. | § | |
| 2620 21st Street N.E. in Calgary, Canada. | § | |
| | § | |
| And | § | |
| | § | |
| 840501 ALBERTA LIMITED | § | |
| 2620 21st Street N.E. in Calgary, Canada | § | Case No.: |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| PARKER-HANNIFIN CORPORATION | § | |
| 6035 Parkland Boulevard, | § | |
| Cleveland, Ohio 44124 | § | Judge: |
| | § | |
| and | § | |
| | § | |
| JOHN R. GRECO, an individual | § | |
| 4137 Laubert Road, | § | |
| Atwater, Ohio 44201 | § | |
| | § | **COMPLAINT** |
| And | § | |
| | § | |
| THOMAS L. WILLIAMS, an individual | § | |
| 6511 Blackfriars Lane, | § | |
| Hudson, Ohio 44236. | § | |
| | § | |
| Defendants. | § | |

## Plaintiffs' Original Complaint

### INTRODUCTION

1.      Plaintiffs Phoenix and 840501 Alberta ("Phoenix") file this Original Complaint against Defendants Parker-Hannifin Corporation ("Parker USA"), John R. Greco and Thomas L. Williams.

2.    From 2012 to 2014, Parker USA, Greco, and Williams actively pursued acquiring Phoenix. Through lengthy and personal negotiations Defendants and Phoenix hammered out the details of a deal. However, at the eleventh hour, Defendants completely re-wrote the deal, converting a contemplated share purchase, into an asset purchase, and rerouting the whole transaction Parker Canada, a separate Canadian company.

3.    Consistent representations, as set forth in detail below, were made to Phoenix that this restructuring of the deal would have no effect on the ultimate value of the transaction and Phoenix executives insisted on contractual language to ensure its interests were protected under the new deal structure. These protections were agreed to by Parker, Williams, and Greco and the transaction ultimately closed.

4.    But these promises were hollow. Parker USA, and its executives Williams and Greco had been deceiving Phoenix throughout the negotiations. Almost immediately after the deal was signed, and Parker had taken over Phoenix's operations, Parker USA caused Parker Canada to renege on its obligations and breach the sale agreements, resulting in substantial losses to Phoenix.

5.    It now appears that Williams and Greco were masterminding a plot to cover for their own incompetence. Some years earlier, Williams had bought a company called PGI. That purchase was not going well. The company was much less profitable than expected, and even worse, during the Phoenix purchase negotiations Phoenix executives realized that PGI's flagship product was infringing on a Phoenix patent.

6.    This situation put Williams in a bind. In order to avoid looking foolish in front of Parker USA's board Williams had to buy Phoenix. The purchase would extinguish the potential patent claim, and even better, allow him to mix Phoenix's successful financials with PGI's poor

financials. However, Phoenix struck a hard bargain and Williams and Greco could not get the Parker USA's Board to approve the actual negotiated purchase price. Undeterred Williams and Greco simply misled Phoenix, setting a purchase price within their authority, but promising all sorts of additional adjustments, and compensation, to make the transaction more lucrative to Phoenix. Phoenix, ultimately closed the deal after ensuring that the contractual documents reflected all these adjustments.

7.    As soon as the transaction was complete and Williams had the cover he needed, Williams, Greco, and Parker USA immediately forced Parker Canada to breach the agreement. The plan was simple. Greco and Williams could tell the board that they only agreed to the approved purchase price, and then force Phoenix and its owners to file multiple lawsuits to collect the promised amount. Even if Phoenix was successful, and collected every cent it was owed, Williams would still have cover, as he could blame the legal process rather than himself for the true cost of the transaction.

8.    This case is the final of a series of lawsuits filed by Phoenix and its owners to collect the moneys they are owed. The case against Parker Canada for breaching the contractual obligations owed to Phoenix is ongoing in Alberta, Canada. The case against Parker USA for breaching associated employment and non-competes settled in Texas. This case is the last piece of the puzzle, seeking to hold Parker USA and its executives Greco and Williams, personally responsible for (1) fraudulently inducing Phoenix into entering the transaction, and (2) for causing Parker Canada to breach its contract with Phoenix. This lawsuit is not an attempt in any way, to get a second bite at the apple of the Canadian case. Instead, this case seeks redress for the central role, Parker USA, Greco and Williams, played in causing Parker Canada to breach its contracts with Phoenix.

## THE PARTIES

9.      Plaintiff, Phoenix Precision Ltd. ("Phoenix") is a foreign corporation carrying on business in the Province of Alberta having its principle office at 2620 21st Street N.E. in Calgary, Canada.

10.      Plaintiff, 840501 Alberta is a foreign corporation carrying on business in the Province of Alberta having its principle office at 2620 21st Street N.E. in Calgary, Canada

11.      Defendant, Parker-Hannifin Corporation ("Parker USA") is a publicly traded corporation formed and existing under the laws of the state of Ohio, having a principal office at 6035 Parkland Boulevard in Cleveland, Ohio 44124, and multiple facilities and operations in Houston, including at 16101 Vallen Drive, Houston, Texas 77041.

12.      Defendant, Thomas L. Williams ("Williams"), is an individual, a citizen of Ohio, currently residing at 6511 Blackfriars Lane, Hudson, Ohio 44236.

13.      Defendant, John R. Greco ("Greco"), is an individual, a citizen of Ohio, currently residing at 4137 Laubert Road, Atwater, Ohio 44201.

## JURISDICTION AND VENUE

14.      This Court has jurisdiction over this matter pursuant to Ohio Revised Code § 2305.01 *et seq.*, in that the amount in controversy exceeds $15,000.00 and all or part of the events giving rise to this action took place in the State of Ohio.

15.      Venue is proper in this Court pursuant to Ohio Rule of Civil Procedure 3(B)(2)–(3) in that Cuyahoga County, Ohio is the county in which much of the activity giving rise to the Plaintiffs claim of relief was conducted and because it is where Defendant Parker USA has its primary place of business.

## BACKGROUND FACTS

### *Parker Approached Hutton and Cline about Acquiring Phoenix Precision Ltd.*

16. Phoenix is a company located in Western Canada that made and sold equipment for the oil and gas market and provided custom engineered solutions for oil and gas customers. Phoenix was one of North America's leading manufacturers of stabilized taps, a specialized type of valve used in the oil and gas industry. One of Phoenix's owners, Peter Hutton, had previously invented and patented an innovative stabilized tap design that could be manufactured at reduced cost and that yielded superior field performance as compared to the competition, and this improved stabilized tap was one of the primary bases of Phoenix's commercial success.

17. In January 2012, Parker USA approached the Plaintiffs with the intent to acquire the ongoing business of Phoenix by purchasing all the shares of Phoenix. Parker subsequently told Plaintiffs, in a written expression of interest dated May 8, 2013 and signed by Defendant Greco, that it believed that Parker's "experience in successfully acquiring and integrating businesses," "strong presence in the instrumentation valve and manifold space," and "mutual commitment to the growth of this platform positions [sic] Parker [USA] as an effective new owner of" Phoenix.

18. Phoenix counter-signed the expression of interest on May 8, 2013, thereby committing Phoenix to helping facilitate Parker's due diligence regarding the potential transaction.

19. Williams and Greco, as well as other representatives of Parker USA including but not limited to Daniel Hartnett (the Vice President of Sales and Marketing at Parker) and Adam Kratzert (vice president and group controller at Parker) made similar representations to Plaintiffs at various in-person and telephonic meetings as the transaction was being negotiated over the period from January 31, 2012 to January 7, 2014. Williams and Greco also specifically represented that Parker USA was interested in acquiring Phoenix in order to gain access to its advanced

manufacturing facilities for the production of co-planar manifolds that PGI, a recently acquired Parker affiliate, was having produced offshore for sale in North America. During these negotiations, Williams and Greco and other Parker USA representatives repeatedly assured Phoenix that it could trust in their integrity and Parker's integrity and good faith because of Parker's strong corporate commitment to ethical business practices, honesty, and fair dealing.

20.     Representatives of Phoenix and the individual defendants met many times to negotiate and structure the deal, including meetings between Hutton, Phoenix co-owner Cline, and Greco, and on information and belief Greco and Williams, in Houston, Texas from November 24–29, 2012.  Other meetings between Hutton, Cline, Williams and Greco, and other representatives of Parker occurred in Kalispell, Montana—October 8–9, 2012; in Tulsa, Oklahoma—November 7–9, 2012; in Calgary, Alberta—February 1, 2012, June 11, 2012, September 14, 2012, March 6–8, 2013, August 5–7, 2013 and January 6–7, 2014; and in Cleveland, Ohio—May 1–4, 2013, June 16–19, 2013, September 11–13, 2013, October 19–20, 2013, and November 19–22, 2013.

21.     There also were multiple telephone calls between Greco, Daniel Hartnett, and Plaintiffs over the period from October 2012 to November 10, 2014, specifically including telephone calls with Hartnett during the period from October 27–29, 2012 and from January 3–6, 2014, as well as with Parker representative Craig Beckwith from September 6–7, 2013.

22.     During the negotiations, Hutton and Cline toured the Houston manufacturing facility of PGI, which Parker had recently acquired. During the tour, Hutton noticed that the way PGI was manufacturing one of its marquee products, a type of stabilized tap, infringed Phoenix's stabilized tap patent.

23.     Out of an abundance of caution to protect its patent, Phoenix sent PGI a letter giving notice of infringement pursuant to 35 U.S.C § 287. Hutton made clear, however, that because Parker was buying Phoenix, that transaction would eliminate any intellectual property issues.

24.     At the time of the notice of infringement, Phoenix and PGI together were the principal providers of stabilized taps in the United States.

25.     Greco told Hutton and Cline that Williams had been the driving force behind the PGI acquisition, as Williams had directed an earlier unsuccessful attempt to acquire PGI.

### Greco and Williams Had Hidden, Ulterior Motives

26.     After Hutton sent the notice of infringement to Parker, the Phoenix transaction became personal for Williams. He had been a primary advocate within Parker of the PGI purchase, and if Parker did not successfully acquire Phoenix, Williams' decision to buy PGI would look foolish, because Williams would have bought Parker USA a patent infringement lawsuit over one of PGI's marquee products. The PGI purchase had been a significant expenditure for Parker, and problems had been realized with PGI's manufacturing processes that led to the PGI business unit being less profitable than expected. Williams was desperate to salvage the PGI transaction and, in so doing, his reputation within the company.

27.     Unfortunately, and at the time unbeknownst to Phoenix, Williams and Greco could not secure approval from Parker USA's Board of Directors for enough money to acquire Phoenix.

### Greco, Williams, and Parker USA Rework the Deal.

28.     In the fall of 2013 Parker USA, Greco and Williams began scrambling to restructure the deal. Since the beginning the parties had always contemplated that Parker USA would buy the

7

shares of Phoenix. Suddenly, Greco and Williams said the transaction had to be an asset purchase by Parker Canada.[1]

29.     Restructuring the deal meant the potential for a significant shift in the actual value of the transaction to Phoenix. To protect against this risk Phoenix demanded, and received, changes to the Agreements and additional closing documents to ensure that Phoenix would receive the same actual value from the asset purchase as they would have received had the agreement remained a share purchase.

30.     On November 19, 2013, at a meeting of the Parker Worldwide Managers in Cleveland, Ohio, Williams, in the presence of Greco and other Parker attendees, confirmed to Hutton and Cline his approval of the terms of Parker Canada's purchase of Phoenix. Three days later, on November 23, 2013, Parker, through its wholly-owned Canadian affiliate Parker-Hannifin Canada, entered into an Asset Purchase Agreement ("APA") and a Real Estate Purchase Agreement ("RPA") with Phoenix, which contemplated an assignment of Phoenix's United States Patents, including those upon which infringement was charged against PGI, to Parker-Hannifin Canada.

31.     Throughout this process, Greco and other Parker employees repeatedly told Hutton and Cline that Williams' approval was required for the APA. Since the APA was ultimately signed, upon information and belief Williams approved the final version of the APA.

32.     The asset purchase was scheduled to close on January 6, 2014 but this was delayed by Parker until January 7, 2014. On January 7, 2014, the parties entered into additional agreements,

---

[1] Greco and Williams also offered and ultimately entered into non-compete and employment contracts with Hutton and Cline, agreements. Breach of these obligations were litigated in the Southern District of Texas in *Hutton and Cline v. Parker-Hannifin Corporation, John R. Greco, And Thomas L. Williams*, Civil Action No. 4-15-cv-03759. That case was resolved and therefore the employment contracts are not at issue in this litigation.

("Side Letter Agreements") including agreements establishing the currency conversation rate for closing and corresponding post-closing adjustments to account for fluctuations in the exchange rate between United States Dollars and Canadian Dollars. Again, these additional post closing agreements were designed to protect Phoenix from risk caused by the restructuring of the transaction.

### *Greco, Williams, and Parker USA Cause Parker Canada to Breach the APA*

33.     Immediately after the closing Parker Canada began avoiding its obligations under the various agreements. Specifically, Parker immediately breached at least APA Sections 2.01, 2.02, 2.03(a), 2.04, 2.05, 3.01, 3.03, 7.01, 7.11, 7.12, 7.15 and 8.01, along with RPA sections 2.2, 3.1, 3.2 and 5.7.

34.     Parker Canada also breached all provisions of the post-closing Side Letter Agreement by failing to pay the amounts owed under that agreement.

35.     At all points during the negotiations Parker USA, and Williams and Greco specifically, controlled the actions of Parker Canada. The entire transaction was negotiated by Parker USA representatives with minimal involvement from Parker Canada. Just as it was Williams, Greco, and Parker USA who caused Parker Canada to enter into these agreements, it was Williams, Greco and Parker USA who caused the Agreements to be breached.

### COUNT 1
### (TORTIOUS INTERFERENCE)

36.     Plaintiffs incorporate all the foregoing paragraphs by reference as if expressly set forth herein.

37.     The APA, the RPA and the Side Letter Agreement are valid and enforceable contracts existing between Parker Canada and Phoenix.

38.     Parker USA, Greco and William's were aware of the APA, the RPA and the Side Letter Agreement because, among other things they chiefly negotiated these Agreements.

39.     After the transactions closed, Parker USA, Greco and William's caused Parker Canada to breach the agreements, by directing Parker Canada not to pay certain amounts due and owning under the agreements.

40.     Parker USA, Greco and William's were not parties to these agreements and had no justification to interfere with them.

41.     Williams and Greco did so, upon information and belief, as part of a scheme to conceal from their own board of directors that they had approved a transaction whose total value exceeded the purchase price authorized by the Parker Board.

## COUNT 2
## (FRAUDULENT INDUCEMENT)

42.     Plaintiffs incorporate all the foregoing paragraphs by reference as if expressly set forth herein.

43.     Parker USA, Greco and/or Williams negotiated and induced Phoenix to enter into the APA, the RPA and the Side Letter Agreements, knowing full well that Parker Canada was not going to perform under these agreements.

44.     Upon information and belief, at Williams' direction, Greco was instructed to negotiate and close the APA, RPA and Side Letter Agreement using any means necessary, with the understanding that Greco and Williams knew they had no intention of ever paying the full agreed upon price for Phoenix.

45.     Parker USA, through its agents Greco and Williams, knew that they could cause Parker Canada not to perform under the APA, RPA and Side Letter Agreement, and upon

information and belief, specially intended to cause Parker Canada to breach the agreements prior to securing Phoenix's agreement to the transaction.

46.    Evidence of the fraud can be found in the fact that immediately after the closing, Parker Canada began breaching its Agreements. Greco, and other members of Parker USA, immediately began claiming without any justification that certain of the fully executed agreements were not binding on Parker and even more outrageously Parker USA representatives began attempting to substitute new, substantially worse terms, for the agreed to contractual terms. Prior to the acquisition of Phoenix, Parker's representatives—especially Greco, working at William's direction—would say or do whatever it took to finalize the Phoenix acquisition. The moment that deal closed, Parker immediately began attempting to get out of its contractual obligations through whatever pretext or pretense they could think of.

47.    It now appears that neither Greco nor Williams ever obtained, nor intended to obtain, the approval of Parker's Chairman, CEO, President, or Board of Directors for the restructuring of the transaction from a Share Purchase to an Asset Purchase. Instead they represented to Hutton and Cline that they had authority to enter these agreements and appeared to have the authority to do so.

48.    Throughout the negotiations regarding the Asset Purchase Agreement, Greco made representations to Phoenix owners that he had to check with Williams before agreeing to terms and conditions, and, on information and belief, Greco obtained approval from Williams before finalizing such terms and conditions and before carrying out key steps in the transaction. This evidences Williams' knowledge, approval, and oversight of the scheme to defraud Phoenix. Williams directed the activities of his subordinates in defrauding Plaintiffs.

49.     Defendants' fraudulent scheme is further evidenced by the fact that after closing, Parker never attempted to make any use of the Phoenix technologies that had been the alleged basis for its purchase, including Phoenix's facility for the manufacturing of co-planar manifolds. In fact, Parker ultimately closed Phoenix's manufacturing facility, fired all its employees and is in the process of selling the building.

50.     Parker, Greco, and/or Williams intended that plaintiffs should act in reliance on upon the misrepresentations, and Hutton and/or Cline did rely upon the misrepresentations to their detriment and to the detriment of Phoenix, and were damaged.

### PRAYER FOR RELIEF

51.     Whereby Plaintiffs, individually, pray for the following relief:

52.     Plaintiffs seek compensatory damages in excess of $25,000, as well as punitive damages, against Williams, Greco and Parker USA, jointly and severally, for the tortious interference that caused Parker Canada not to pay under the various agreements despite Parker Canada's contractual obligation to pay the same.

53.     Plaintiffs seek compensatory damages against Parker USA, Greco and Williams, jointly and severally, in excess of $25,000, as well as punitive damages, for the fraudulent misrepresentations.

54.     Pre- and post-judgment interest;

55.     Attorney's Fees and Costs; and,

56.     Such other relief as this Court deems proper and just.

Respectfully submitted,

STARK & KNOLL CO., L.P.A.

*/s/ John P. Susany*
John P. Susany (# 0039472)
Harold M. Schwarz (#0078072)
3475 Ridgewood Road
Akron, Ohio 44333
Telephone: (330)376-3300
Facsimile: (330-376-6237
jsusany@stark-knoll.com
hschwarz@stark-knoll.com

CO-COUNSEL FOR PLAINTIFFS
PHOENIX PRECISION LTD AND 840501
ALBERTA LIMITED


AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING

_____

John Zavitsanos
Texas State Bar No. 22251650
Benjamin F. Foster
Texas State Bar No. 24080898
1221 McKinney St., Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
jzavitsanos@azalaw.com
bfoster@azalaw.com

CO-COUNSEL FOR PLAINTIFFS
PHOENIX PRECISION LTD AND 840501
ALBERTA LIMITED


**JURY DEMAND**

**PLAINTIFFS SEEK TRIAL BY JURY ON ALL COUNTS.**

*/s/ John P. Susany*
John P. Susany, Co-Counsel for Plaintiffs

| CASE NO. | | SUMMONS NO. |
|----------|------|-------------|
| CV18891133 | D1 FX | 34188695 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

PHOENIX PRECISION LTD., ET AL     **PLAINTIFF**
VS
PARKER-HANNIFIN CORPORATION, ET AL     **DEFENDANT**

# SUMMONS

PARKER-HANNIFIN CORPORATION
6035 PARKLAND BOULEVARD
CLEVELAND OH 44124

   You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

   You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:** 

   Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

JOHN P SUSANY
3475 RIDGEWOOD ROAD

AKRON, OH 44333-0000

   Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

   If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

NANCY A FUERST
Do not contact judge. Judge's name is given for
attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT |
|-----------|
| Jan 4, 2018 |

By_____
Deputy

COMPLAINT FILED   01/04/2018

CMSN130



January 11, 2018

Dear Customer:

The following is the proof-of-delivery for tracking number **789221487927**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Shipping/Receiving |
| Signed for by: | D.SNELL | Delivery location: | 6035 PARKLAND BLVD |
| | | | CLEVELAND, OH 44124 |
| Service type: | FedEx Express Saver | Delivery date: | Jan 10, 2018 09:46 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 789221487927 | Ship date: | Jan 5, 2018 |
| | | Weight: | 0.5 lbs/0.2 kg |

| Recipient: | Shipper: |
|---|---|
| PARKER-HANNIFIN CORPORATION | CCoC |
| 6035 PARKLAND BOULEVARD | 1200 Ontario |
| CLEVELAND, OH 44124 US | Cleveland, OH 44113 US |

| Reference | CV18891133 |
|---|---|
| Invoice number | 34188695 |

Thank you for choosing FedEx.

CV18891133 / 34188695 / PARKER-HANNIFIN CORPORATION / 2018-1-11 05:18

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18891133 | D2 FX | 34188696 |

Rule 4 (B) Ohio

Rules of Civil Procedure

**SUMMONS**

| | |
|---|---|
| PHOENIX PRECISION LTD., ET AL | **PLAINTIFF** |
| VS | |
| PARKER-HANNIFIN CORPORATION, ET AL | **DEFENDANT** |

JOHN R. GRECO
4137 LAUBERT ROAD
ATWATER OH 44201

Said answer is required to be served on:



Plaintiff's Attorney

JOHN P SUSANY
3475 RIDGEWOOD ROAD

AKRON, OH 44333-0000

Case has been assigned to Judge:

NANCY A FUERST
Do not contact judge. Judge's name is given for attorney's reference only.

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.



NAILAH K. BYRD
Clerk of the Court of Common Pleas



| DATE SENT |
|---|
| Jan 4, 2018 |

By_____
Deputy

COMPLAINT FILED   01/04/2018

CMSN130



January 11,2018

Dear Customer:

The following is the proof-of-delivery for tracking number **789221488669**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Residence |
| Signed for by: | J.GRECO | Delivery location: | 4137 LAUBERT RD |
| | | | ATWATER, OH 44201 |
| Service type: | FedEx Express Saver | Delivery date: | Jan 10, 2018 15:35 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |
| | Direct Signature Required | | |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 789221488669 | Ship date: | Jan 5, 2018 |
| | | Weight: | 0.5 lbs/0.2 kg |

| | | |
|---|---|---|
| **Recipient:** | | **Shipper:** |
| JOHN R. GRECO | | CCoC |
| 4137 LAUBERT ROAD | | 1200 Ontario |
| ATWATER, OH 44201 US | | Cleveland, OH 44113 US |
| **Reference** | | CV18891133 |
| **Invoice number** | | 34188696 |

Thank you for choosing FedEx.

CV18891133 / 34188696 / GRECO/JOHN/R. / 2018-1-11 05:18

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18891133 | D3 FX | 34188697 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

PHOENIX PRECISION LTD., ET AL    **PLAINTIFF**
VS
PARKER-HANNIFIN CORPORATION, ET AL    **DEFENDANT**

# SUMMONS

THOMAS L. WILLIAMS
6511 BLACKFRIARS LANE
HUDSON OH 44236

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

JOHN P SUSANY
3475 RIDGEWOOD ROAD

AKRON, OH 44333-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY A FUERST
Do not contact judge. Judge's name is given for attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Jan 4, 2018 |

By_____
Deputy

COMPLAINT FILED   01/04/2018

CMSN130



January 12, 2018

Dear Customer:

The following is the proof-of-delivery for tracking number **789221488967**.

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Residence |
| Signed for by: | M.WILLIAMS | Delivery location: | 6511 BLACKFRIARS LN |
| | | | HUDSON, OH 44236 |
| Service type: | FedEx Express Saver | Delivery date: | Jan 11, 2018 10:38 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |
| | Direct Signature Required | | |



| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 789221488967 | Ship date: | Jan 5, 2018 |
| | | Weight: | 0.5 lbs/0.2 kg |

| Recipient: | Shipper: |
|---|---|
| THOMAS  L. WILLIAMS | CCoC |
| 6511 BLACKFRIARS LANE | 1200 Ontario |
| HUDSON, OH 44236 US | Cleveland, OH 44113 US |

| Reference | CV18891133 |
|---|---|
| Invoice number | 34188697 |

Thank you for choosing FedEx.

CV18891133 / 34188697 / WILLIAMS/THOMAS /L. / 2018-1-12 05:20

Motion No. <u>4658281</u>



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION FOR...**
January 30, 2018 13:36

By: JOHN P. SUSANY 0039472

Confirmation Nbr. 1288371

PHOENIX PRECISION LTD., ET AL          CV 18 891133

    vs.

PARKER-HANNIFIN CORPORATION, ET AL     **Judge:** NANCY A. FUERST

Pages Filed: 10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

PHOENIX PRECISION LTD, et al.    )    CASE NO.: CV-18-891133
    )
            Plaintiffs,    )    JUDGE NANCY A. FUERST
    )
v.    )
    )
    )    **MOTION FOR ADMISSION PRO**
PARKER-HANNIFIN CORPORATION,    )    **HAC VICE OF ATTORNEY JOHN**
    et al.    )    **SAVITSANOS**
    )
            Defendants.    )

Pursuant to Gov. Bar R. XII (2)(A), John P. Susany, attorney for Plaintiffs Phoenix Precision LTD and 840501 Alberta Limited, hereby moves this Court to grant to John Zavitsanos, partner with the law firm of Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, 1221 McKinney Street, Suite 2500, Houston, TX 77010, permission to appear before this Court *pro hac vice* and participate as co-counsel in this case on behalf of Plaintiffs Phoenix Precision LTD and 840501 Alberta Limited.

Movant represents that Mr. Zavitsanos has fully conformed with Gov. Bar R. XII as follows:

    1. Mr. Zavitsanos has registered for *pro hac vice* admission with the Supreme Court of Ohio Office of Attorney Services and obtained from it a Certificate of Pro Hac Vice Registration, No. PHV-18904-2018, a copy of which is attached hereto as Exhibit A.

2. Mr. Zavitsanos is a member in good standing of the State Bar of Texas and eligible to practice before the highest courts in the State of Texas, State Bar No. 22251650, admitted November 6, 1987.  A copy of the certificate of good standing for Mr. Zavitsanos from the Supreme Court of Texas is attached hereto as Exhibit B.

3. Mr. Zavitsanos has given sworn testimony in his *Affidavit of Out-of-State Attorney*, attached hereto as Exhibit C, attesting that he has never been disbarred, has never been under suspension, and has never resigned with discipline pending in any jurisdiction in which he has ever been admitted, itemizing all such jurisdictions.

4.  Mr. Zavitsanos has given sworn testimony in his *Affidavit of John Zavitsanos in Support of Motion for Admission Pro Hac Vice*, attached hereto as Exhibit D, attesting that he has not been granted permission to appear *pro hac vice* in more than three proceedings before Ohio tribunals in the current calendar year and that he will familiarize himself with the local rules of this Court, all applicable Ohio rules of court, and the Ohio code of professional responsibility and that he agrees to be bound by same.

Further, Movant represents that, if this Motion is granted, Mr. Zavitsanos will file a Notice of Permission to Appear Pro Hac Vice, attaching a copy of this Court's Order granting permission to so appear, with the Supreme Court of Ohio Office of Attorney Services within thirty (30) days of said Order.

For these reasons, Movant respectfully requests that John Zavitsanos be admitted *pro hac vice* in this case, and before this Court.  For the Court's convenience, a copy of a proposed order is attached hereto as Exhibit E.

DATED this 30th day of January, 2018.

Respectfully submitted:

STARK & KNOLL CO., L.P.A.

JOHN P. SUSANY #0039472
HAROLD M. SCHWARZ, III #0078072
3475 Ridgewood Road
Akron, Ohio 44333
Phone: (330) 376-3300
Facsimile: (330) 376-6237
jsusany@stark-knoll.com
tschwarz@stark-knoll.com

*Counsel for Plaintiffs Phoenix Precision LTD and 840501 Alberta Limited*

<u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was served this 30th day of January, 2018, via regular U.S. Mail

on:


Defendant Parker-Hannifin Corporation
6035 Parkland Blvd.
Cleveland, OH 44124

Defendant John R. Greco
4137 Laubert Road
Atwater, OH 44201

Defendant Thomas L. Williams
6511 Blackfriars Lane
Hudson, OH 44236

JOHN P. SUSANY (#0039472)
HAROLD M. SCHWARZ, III (#0078072)

*Counsel for Plaintiffs Phoenix Precision LTD and*
*840501 Alberta Limited*

# THE SUPREME COURT *of* OHIO

## OFFICE OF ATTORNEY SERVICES

IN THE MATTER OF THE APPLICATION OF

**John Zavitsanos**

**FOR PRO HAC VICE REGISTRATION**

per Gov. Bar R. XII, Section 2(A)(3)

Certificate of

PRO HAC VICE
REGISTRATION

2018

Registration Number:
PHV- 18904-2018

John Zavitsanos _____, having met the requirements of, and found to be in full compliance with, Section 2(A)(3) of Rule XII of the Rules for the Government of the Bar of Ohio, is hereby issued this certificate of pro hac vice registration in the state of Ohio.

To receive permission to appear pro hac vice in an Ohio proceeding, a motion requesting such permission must be filed with the tribunal in accordance with Section 2(A)(6) of Rule XII of the Rules for the Government of the Bar of Ohio.

*G.W. Palmer*

Gina White Palmer
Director, Attorney Services

**Expires December 31,  2018**

**EXHIBIT**

**A**

ALL STATE LEGAL®

# The Supreme Court of Texas

AUSTIN

---

CLERK'S OFFICE

---

**I, BLAKE HAWTHORNE,** Clerk of the Supreme Court of Texas, certify that the records of this office show that

**John Zavitsanos**

was duly admitted and licensed as an attorney and counselor at law by the Supreme Court of Texas on the 6th day of November, 1987.

I further certify that the records of this office show that, as of this date

**John Zavitsanos**

is presently enrolled with the State Bar of Texas as an active member in good standing.

**IN TESTIMONY WHEREOF** witness my signature and the seal of the Supreme Court of Texas at the City of Austin, this, the 9th day of January, 2018.

BLAKE HAWTHORNE, Clerk



Clerk, Supreme Court of Texas

No. 0238C.1

EXHIBIT

**B**

PHOENIX PRECISION LTD., ET AL v. PARKER-HANNIFIN CORPORATION, ET AL

IN THE MATTER OF THE MOTION OF

John Zavitsanos

FOR PERMISSION TO APPEAR PRO HAC VICE

John Zavitsanos

CASE NO. CV 18 891133

AFFIDAVIT OF
OUT-OF-STATE ATTORNEY
Gov. Bar R. XII, Section 2(A)(6)

being first duly cautioned, swears or affirms as follows:

a. I have never been disbarred from the practice of law.

b. I have been admitted to the practice of law in the following jurisdictions (attach additional jurisdictions if necessary):

| | |
|---|---|
| All US District Courts in Texas | Fifth Circuit Court of Appeals |
| US District Court Oklahoma | US District Court Colorado |

c. Choose one:
☑ I am not currently suspended from the practice of law in any jurisdiction where I have been admitted to practice.
☐ I am currently suspended from the practice of law in the following jurisdictions:

d. Choose one:
☑ I have not resigned from the practice of law with discipline pending in any jurisdiction where I have been admitted to practice.
☐ I have resigned from the practice of law with discipline pending in the following jurisdiction(s):

SIGNATURE OF APPLICANT

Sworn to or affirmed before me and subscribed in my presence the 25th day of January
20 18 , in the state of Texas and county of Harris .

SIGNATURE OF NOTARY PUBLIC*

*Affix stamp & seal if required in Ohio

ANGELA TOWNSEND
Notary Public, State of Texas
Comm. Expires 02 20 2019
Notary ID 11453973

Electronically Filed 01/30/2018 16:16 / MOTION / CV 18 891133 / Confirmation Nbr. / CH

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

PHOENIX PRECISION LTD, et al.               )       CASE NO.: CV-18-891133
                                            )
                        Plaintiffs,         )       JUDGE NANCY A. FUERST
                                            )
v.                                          )
                                            )
PARKER-HANNIFIN CORPORATION,                )       **<u>AFFIDAVIT OF JOHN ZAVITSANOS</u>**
        et al.                              )       **<u>IN SUPPORT OF MOTION FOR</u>**
                                            )       **<u>ADMISSION PRO HAC VICE</u>**
                        Defendants.         )

John Zavitsanos, Esq., hereby states the following in support of counsel's motion to admit him *pro hac vice* in the above-captioned case:

1.  I am an adult and I have personal knowledge of the facts contained herein.

2.  I am an attorney licensed to practice in the State of Texas, Bar No. 22251650, and a shareholder in the law firm of Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, 1221 McKinney Street, Suite 2500, Houston, TX 77010.

3.  I seek to appear before this Court as one of the attorneys of record for Plaintiffs Phoenix Precision LTD and 840501 Alberta Limited for this action only.

4.  I will familiarize myself with the local rules of this Court, all applicable Ohio rules of court, and the Ohio code of professional responsibility and agree to be bound by same.

5.  I have not been granted permission to appear *pro hac vice* in more than three proceedings before Ohio tribunals in the current calendar year. The only other Ohio court in which I sought such permission is the USDC, Northern District of



**EXHIBIT**

**D**

Ohio, Eastern Division, in a matter captioned, *Aquilex Hydrochem, Inc. v. Marshall,* Case No. 5:11-cv-00319-SL, for which an Order granting my admission was issued on April 25, 2011.

I state under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

JOHN ZAVITSANOS

STATE OF TEXAS    )
          )  *SS*
COUNTY OF HARRIS  )

Sworn to or affirmed before me and subscribed in my presence this ___30th___ day of January, 2018.

ANGELA TOWNSEND
Notary Public, State of Texas
Comm. Expires 02-20-2019
Notary ID 11453973

Signature of Notary Public

*Affix stamp & seal (required in Ohio)

2

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

PHOENIX PRECISION LTD, et al. ) CASE NO.: CV-18-891133
 )
 Plaintiffs, ) JUDGE NANCY A. FUERST
 )
v. )
 )
PARKER-HANNIFIN CORPORATION, ) **ORDER GRANTING THE ADMISSION**
 et al. ) **PRO HAC VICE OF ATTORNEY**
 ) **JOHN ZAVITSANOS**
 Defendants. )

This Court, having before it the motion, with supporting Affidavit of Out-of-State

Attorney, Affidavit of John Zavitsanos in Support of Motion for Admission Pro Hac Vice, and

the Certificate of Pro Hac Vice Registration from the Supreme Court of Ohio Office of Attorney

Services, seeking the *pro hac vice* admission of John Zavitsanos, finds same well taken and

orders that John Zavitsanos shall be admitted to practice, *pro hac vice*, before this Court in the

above captioned matter.

IT IS SO ORDERED.


_____
Judge Nancy Fuerst


cc: John P. Susany, Esq./Harold M. Schwarz, III, Esq.
 Parker-Hannifin Corporation
 Thomas L. Williams
 John R. Greco



Motion No.  <u>4658280</u>



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION FOR...**
January 30, 2018 13:40

By: JOHN P. SUSANY 0039472

Confirmation Nbr. 1288401

PHOENIX PRECISION LTD., ET AL

vs.

PARKER-HANNIFIN CORPORATION, ET AL

CV 18 891133

**Judge:** NANCY A. FUERST

Pages Filed:  10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| PHOENIX PRECISION LTD, et al. | ) | CASE NO.: CV-18-891133 |
| | ) | |
| Plaintiffs, | ) | JUDGE NANCY A. FUERST |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **MOTION FOR ADMISSION PRO** |
| PARKER-HANNIFIN CORPORATION, | ) | **HAC VICE OF ATTORNEY** |
| et al. | ) | **BENJAMIN FRANCIS FOSTER** |
| | ) | |
| Defendants. | ) | |

Pursuant to Gov. Bar R. XII (2)(A), John P. Susany, attorney for Plaintiffs Phoenix

Precision LTD and 840501 Alberta Limited, hereby moves this Court to grant to Benjamin

Francis Foster, associate with the law firm of Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing,

1221 McKinney Street, Suite 2500, Houston, TX 77010, permission to appear *pro hac vice* and

participate as co-counsel in this case on behalf of Plaintiffs Phoenix Precision LTD and 840501

Alberta Limited.

Movant represents that Mr. Foster has fully conformed with Gov. Bar R. XII as follows:

1. Mr. Foster has registered for *pro hac vice* admission with the Supreme

Court of Ohio Office of Attorney Services and obtained from it a Certificate of

Pro Hac Vice Registration, No. PHV-18905-2018, a copy of which is attached

hereto as Exhibit A.

2. Mr. Foster is a member in good standing of the State Bar of Texas and

eligible to practice before the highest courts in the State of Texas, State Bar No.

24080898, admitted May 4, 2012. A copy of the certificate of good standing for Mr. Foster from the Supreme Court of Texas is attached hereto as Exhibit B.

3. Mr. Foster has given sworn testimony in his *Affidavit of Out-of-State Attorney*, attached hereto as Exhibit C, attesting that he has never been disbarred, has never been under suspension, and has never resigned with discipline pending in any jurisdiction in which he has ever been admitted, itemizing all such jurisdictions.

4. Mr. Foster has given sworn testimony in his *Affidavit of Benjamin Francis Foster in Support of Motion for Admission Pro Hac Vice*, attached hereto as Exhibit D, attesting that he has not been granted permission to appear *pro hac vice* in more than three proceedings before Ohio tribunals in the current calendar year and that he will familiarize himself with the local rules of this Court, all applicable Ohio rules of court, and the Ohio code of professional responsibility, and that he agrees to be bound by same.

Further, Movant represents that, if this Motion is granted, Mr. Foster will file a Notice of Permission to Appear Pro Hac Vice, attaching a copy of this Court's Order granting permission to so appear, with the Supreme Court of Ohio Office of Attorney Services within thirty (30) days of said Order.

For these reasons, Movant respectfully requests that Ben Francis Foster be admitted *pro hac vice* in this case, and before this Court. For the Court's convenience, a copy of a proposed order is attached hereto as Exhibit E.

DATED this 30th day of January, 2018.

Respectfully submitted:

STARK & KNOLL CO., L.P.A.

JOHN P. SUSANY #0039472
HAROLD M. SCHWARZ, III #0078072
3475 Ridgewood Road
Akron, Ohio 44333
Phone: (330) 376-3300
Facsimile: (330) 376-6237
jsusany@stark-knoll.com
tschwarz@stark-knoll.com

*Counsel for Plaintiffs Phoenix Precision LTD and
840501 Alberta Limited*

CERTIFICATE OF SERVICE

A copy of the foregoing was served this 30th day of January, 2018, via regular U.S. Mail

on:

Defendant Parker-Hannifin Corporation
6035 Parkland Blvd.
Cleveland, OH 44124

Defendant John R. Greco
4137 Laubert Road
Atwater, OH 44201

Defendant Thomas L. Williams
6511 Blackfriars Lane
Hudson, OH 44236

JOHN P. SUSANY (#0039472)
HAROLD M. SCHWARZ, III (#0078072)

*Counsel for Plaintiffs Phoenix Precision LTD and
840501 Alberta Limited*

# THE SUPREME COURT *of* OHIO

### OFFICE OF ATTORNEY SERVICES

IN THE MATTER OF THE APPLICATION OF

**Benjamin Foster**

FOR PRO HAC VICE REGISTRATION

per Gov. Bar R. XII, Section 2(A)(3)

Certificate of

PRO HAC VICE
REGISTRATION

2018

Registration Number:
PHV- 18905-2018

Benjamin Foster

_____, having met the requirements of, and found to be in

full compliance with, Section 2(A)(3) of Rule XII of the Rules for the Government of the Bar of

Ohio, is hereby issued this certificate of pro hac vice registration in the state of Ohio.

To receive permission to appear pro hac vice in an Ohio proceeding, a motion requesting such

permission must be filed with the tribunal in accordance with Section 2(A)(6) of Rule XII of the

Rules for the Government of the Bar of Ohio.

*G.W. Palmer*

Gina White Palmer
Director, Attorney Services

**Expires December 31,  2018**

# The Supreme Court of Texas

AUSTIN

---

CLERK'S OFFICE

---

**I, BLAKE HAWTHORNE,** Clerk of the Supreme Court of Texas, certify that the records of this office show that

**Benjamin Francis Foster**

was duly admitted and licensed as an attorney and counselor at law by the Supreme Court of Texas on the 4th day of May, 2012.

I further certify that the records of this office show that, as of this date

**Benjamin Francis Foster**

is presently enrolled with the State Bar of Texas as an active member in good standing.

**IN TESTIMONY WHEREOF** witness my signature

and the seal of the Supreme Court of

Texas at the City of Austin, this, the

9th day of January, 2018.

BLAKE HAWTHORNE, Clerk

Clerk, Supreme Court of Texas

No. 0248C.1



EXHIBIT

B

This certification expires thirty days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

PHOENIX PRECISION LTD., ET AL v. PARKER-HANNIFIN CORPORATION, ET AL

IN THE MATTER OF THE MOTION OF

CASE NO. CV 18 891133

Benjamin F. Foster

**AFFIDAVIT OF
OUT-OF-STATE ATTORNEY**
Gov. Bar R. XII, Section 2(A)(6)

FOR PERMISSION TO APPEAR PRO HAC VICE

Benjamin F. Foster _____ being first duly cautioned, swears or affirms as follows:

a.  I have never been disbarred from the practice of law.

b.  I have been admitted to the practice of law in the following jurisdictions (attach additional jurisdictions if necessary):

U.S. District Court for the Southern District of Texas

U.S. District Court for the Eastern District of Texas

U.S District Court for the Western District of Texas

U.S. District Court for the Northern District of Illinois

c.  Choose one:
[X] I am not currently suspended from the practice of law in any jurisdiction where I have been admitted to practice.
[ ] I am currently suspended from the practice of law in the following jurisdictions:

d.  Choose one:
[X] I have not resigned from the practice of law with discipline pending in any jurisdiction where I have been admitted to practice.
[ ] I have resigned from the practice of law with discipline pending in the following jurisdiction(s):

Sworn to or affirmed before me and subscribed in my presence the 18th day of January,

20 18, in the state of Texas and county of Harris.

TRACY M. ZAMORA
ID #4571724
My Commission Expires
March 28, 2020

*Affix stamp & seal (required in Ohio)*

SIGNATURE OF NOTARY PUBLIC*

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

PHOENIX PRECISION LTD, et al.    )    CASE NO.: CV-18-891133
    )
            Plaintiffs,    )    JUDGE NANCY A. FUERST
    )
    )
v.    )
    )
PARKER-HANNIFIN CORPORATION,    )    **AFFIDAVIT OF BENJAMIN**
    et al.    )    **FRANCIS FOSTER IN SUPPORT OF**
    )    **MOTION FOR ADMISSION PRO**
            Defendants.    )    **HAC VICE**
    )

Benjamin Francis Foster, Esq., hereby states the following in support of counsel's

motion to admit him *pro hac vice* in the above-captioned case:

1.    I am an adult and I have personal knowledge of the facts contained herein.

2.    I am an attorney licensed to practice in the State of Texas, Bar No. 24080898, and

an associate with the law firm of Ahmad, Zavitsanos, Anaipakos, Alavi &

Mensing, 1221 McKinney Street, Suite 2500, Houston, TX 77010.

3.    I seek to appear before this Court as one of the attorneys of record for Plaintiffs

Phoenix Precision LTD and 840501 Alberta Limited for this action only.

4.    I will familiarize myself with the local rules of this Court, all Ohio rules of court

that are applicable, and the Ohio code of professional responsibility and agree to

be bound by same.

5.    I have not previously applied for permission to appear *pro hac vice* in any Ohio

court and, accordingly, have not been granted permission to appear *pro hac vice*

in more than three proceedings before Ohio tribunals in the current calendar year.



EXHIBIT

D

I state under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
BENJAMIN FRANCIS FOSTER

STATE OF TEXAS　　　　　　　)
　　　　　　　　　　　　　　)　　*SS*
COUNTY OF　Harris　　　　)

Sworn to or affirmed before me and subscribed in my presence this ___30th___ day of January, 2018.

TRACY M. ZAMORA
ID #4571724
My Commission Expires
March 28, 2020

_____
Signature of Notary Public

*Affix stamp & seal (required in Ohio)

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

PHOENIX PRECISION LTD, et al.     )     CASE NO.: CV-18-891133
                                  )
               Plaintiffs,    )     JUDGE NANCY A. FUERST
                                  )
v.                               )
                                  )
PARKER-HANNIFIN CORPORATION,    )     **ORDER GRANTING THE ADMISSION**
               et al.      )     **PRO HAC VICE OF ATTORNEY**
                                  )     **BENJAMIN FRANCIS FOSTER**
             Defendants.    )

This Court, having before it the motion, with supporting Affidavit of Out-of-State

Attorney, Affidavit of Benjamin Francis Foster in Support of Motion for Admission Pro Hac

Vice, and the Certificate of Pro Hac Vice Registration from the Supreme Court of Ohio Office of

Attorney Services, seeking the *pro hac vice* admission of Benjamin Francis Foster, finds same

well taken and orders that Benjamin Francis Foster shall be admitted to practice, *pro hac vice*,_____

before this Court in the above captioned matter.

IT IS SO ORDERED.

                                       _____

                                       Judge Nancy Fuerst

cc:    John P. Susany, Esq./Harold M. Schwarz, III, Esq.
        Parker-Hannifin Corporation
        Thomas L. Williams
        John R. Greco





102330234

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

PHOENIX PRECISION LTD., ET AL
    Plaintiff

Case No: CV-18-891133

Judge: NANCY A FUERST

PARKER-HANNIFIN CORPORATION, ET AL
    Defendant

## **JOURNAL ENTRY**

PLTFS' 01/30/2018 MOTIONS FOR ADMISSION PRO HAC VICE ARE GRANTED. ATTORNEYS BENJAMIN FRANCIS
FOSTER AND JOHN SAVITSANOS ARE HEREBY GRANTED PERMISSION TO APPEAR BEFORE THIS COURT PRO HAC
VICE AND PARTICIPATE AS CO-COUNSEL IN THIS CASE ON BEHALF OF PLTFS PHOENIX PRECISION LTD AND
840501 ALBERTA LIMITED.

*Nafuerst*

————————————————————————————————
Judge Signature                     01/30/2018



102341510

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

PHOENIX PRECISION LTD., ET AL
    Plaintiff

Case No: CV-18-891133

Judge: NANCY A FUERST

PARKER-HANNIFIN CORPORATION, ET AL
    Defendant

## __JOURNAL ENTRY__

CORRECTING 01/30/2018 JOURNAL ENTRY GRANTING PLTFS' MOTIONS FOR ADMISSION PRO HAC VICE. PREVIOUS ENTRY MISSPELLED ATTORNEY JOHN ZAVITSANOS' NAME.

PLTFS' 01/30/2018 MOTIONS FOR ADMISSION PRO HAC VICE ARE GRANTED. ATTORNEYS BENJAMIN FRANCIS FOSTER AND JOHN ZAVITSANOS ARE HEREBY GRANTED PERMISSION TO APPEAR BEFORE THIS COURT PRO HAC VICE AND PARTICIPATE AS CO-COUNSEL IN THIS CASE ON BEHALF OF PLTFS PHOENIX PRECISION LTD AND 840501 ALBERTA LIMITED.

*Nafuerst*

Judge Signature          01/31/2018

01/31/2018

RECEIVED FOR FILING
01/31/2018 14:32:33
NAILAH K. BYRD, CLERK